UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Civil Action No. 19-10252 (KM) (MAH) |
| Plaintiff, | |
| v. | ORDER |
| JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 173.63.148.25, | |
| Defendant. | |

This matter having come before the Court by way of Plaintiff's second motion for additional time to serve John Doe Defendant with the Summons and the Complaint, D.E. 13;

And it appearing that Plaintiff seeks until November 13, 2019 to serve Defendant;

and Plaintiff's counsel having represented that Defendant's counsel consents to the instant motion, Certification of John C. Atkin, Esq., September 13, 2019, D.E. 13-1, ¶ 19;

and the Court having considered Plaintiff's submission, and the applicable law;

and Federal Rule of Civil Procedure 4(m) providing, in relevant part that if a party does not serve the defendant within 120 days after the complaint is filed "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period;"

and the United States Court of Appeals for the Third Circuit clarifying that when considering applications for an extension, courts must first determine "whether good cause exists

for a plaintiff's failure to effect timely service.  If good cause exists, the extension must be granted." *Boley v. Kaymark*, 123 F.3d. 756, 758 (3d Cir. 1997) (citations omitted);

and the good cause prong requiring that "a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time specified in the rules," *MCI Telecom. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citations omitted);

and on June 4, 2019, the Court having granted Plaintiff's motion for leave to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP") to obtain Defendant's name and address, D.E. 5;

and the Court having granted Plaintiff a prior extension of time to effect service because Plaintiff had issued a subpoena to Defendant's ISP on June 5, 2019 to be responded to on or around July 5, 2019, and Defendant filed a motion to quash, or to proceed anonymously and for a protective order on July 5, 2019, D.E. 6;

and it appearing that Plaintiff now moves for an additional extension of time to serve Defendants because the motion to quash remains pending before this Court;

and it appearing that, pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must show "good cause" for the Court to grant an extension of time to serve;[1]

---

[1] The Third Circuit has stated that a showing of good cause pursuant to Rule 4(m) "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules*.*" *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).  Further, the "primary focus" of the inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*; *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

Even if good cause is not shown, other factors may warrant an extension of time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307–08 (3d Cir. 1995).  Some factors to consider are (1) whether plaintiff made good faith efforts to comply; (2) whether the statute of limitations would expire if the time period to effect service were not extended; (3) whether plaintiff is represented by counsel; and (4) whether defendant would be prejudiced by an extension. *Id.*; *Chiang v. United States SBA*, 331 Fed. App'x 113, 116 (3d Cir. 2009).  "The

and the Court finding that Plaintiff has demonstrated good cause sufficient to warrant granting an extension of time to serve Defendant;[2]

**IT IS on this 16th day of September 2019,**

**ORDERED** that Plaintiff's request for an extension of time to serve process, D.E. 13, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve Defendant with the Summons and Complaint by **November 13, 2019**.

> */s Michael A. Hammer*_____
> **United States Magistrate Judge**

---

plaintiff bears the burden of demonstrating a sufficient reason as to justify the exercise of the court's discretion." *Spence v. Lahood*, No. 11-3972, 2012 U.S. Dist. LEXIS 80015, at *14–15 (D.N.J. June 8, 2012).

[2] Plaintiff filed the instant motion before the then current deadline to serve expired. The Court notes that Plaintiff seeks a reasonable sixty day extension of time to effect service of process on Defendant. The extension is unlikely to impair Defendant's ability to mount a defense in this matter. Therefore, there is good cause for Plaintiff's request.