**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
**STRIKE 3 HOLDINGS, LLC,**          :          **Civil Action No. 19-10252 (KM) (MAH)**
:
**Plaintiff,**          :
:
**v.**          :          **ORDER**
:
**JOHN DOE SUBSCRIBER ASSIGNED**   :
**IP ADDRESS 173.63.148.25,**          :
:
**Defendant.**          :
_____:

This matter having come before the Court by way of the December 27, 2019 letter from Plaintiff, D.E. 21, and the January 10, 2020 letter from Defendant, D.E. 24, regarding whether a stay of this action is appropriate pending District Judge Hillman's resolution of eight consolidated pending appeals in Strike 3 Holdings, LLC matters, challenging Magistrate Judge Schneider's decisions denying Strike 3 limited early discovery;

and the Court having raised this issue with the parties via a telephone conference call with the parties on December 17, 2019;

and Plaintiff asserting that a stay of this matter is not appropriate because any decision by Judge Hillman in the appeals pending before him will neither "substantially affect" nor "be dispositive" of the issues before this Court, D.E. 21;

and Defendant maintaining that there is significant overlap between the issues facing Judge Hillman and this Court, and that this Court may view Judge Hillman's decision as persuasive in this matter, D.E. 24;

and the Court having considered the parties' arguments and the applicable law;

and it being well established that "the power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936);

and courts holding that stays of discovery are not favored because "when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems," *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (internal citations and quotation marks omitted);

and the United States Supreme Court clarifying that deciding whether to stay proceedings requires weighing competing interests and balancing the hardships with respect to the parties, *Landis*, 299 U.S. at 254-55; *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983) (balancing the potential hardship with respect to both parties);[1]

and the Court finding that a short stay, until resolution of the pending appeals before Judge Hillman, is appropriate because a stay will not prejudice Plaintiff, failing to grant the stay could impose a hardship for Defendant if he is required to respond to discovery, a stay could simplify the issues before this Court, and this case is in its nascent stage;

and good cause having been shown;

**IT IS on this 16th day of January 2020,**

**ORDERED** that this matter is stayed pending resolution of the appeals before Judge

---

[1] Courts generally weigh several factors in determining whether to grant a stay, including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party[,]" *Cima Labs, Inc. v. Actavis Group HF*, Nos. 07-893, 06-1970, 06-1999, 2007 WL 1672229, at *8 (D.N.J. June 7, 2007); (2) whether denying the stay would create "a clear case of hardship or inequity" for the moving party, *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003) (internal citations omitted); (3) "whether a stay would simplify the issues and the trial of the case[,]" *Cima Labs*, 2007 WL 1672229, at *8; and (4) "whether discovery is complete and/or a trial date has been set," *id.*

Hillman of Judge Schneider's decision in the Strike 3 cases; and it is further

**ORDERED** that within 14 days of Judge Hillman's ruling on the pending appeals the parties shall submit a joint status report to the Court setting forth the status of the appeals and proposing the next steps to be taken in this matter; and it is further

**ORDERED** that the pending motion to quash the subpoena, D.E. 6, is administratively terminated without prejudice to Defendant's right to refile once this Court lifts the stay.

*/s Michael A. Hammer*
**United States Magistrate Judge**