## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 776-7858

September 14, 2020

To: All counsel of record

### LETTER OPINION AND ORDER

RE:   **Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP address 173.63.148.25**
      **Civil Action No. 19-10252 (KM)(MAH)**

Dear Counsel:

This Letter Opinion and Order will address Defendant John Doe Subscriber Assigned Internet Protocol Address 173.63.148.25's Motion to Quash, or to Proceed Anonymously and for a Protective Order. *See* Def.'s Mot. to Quash, July 5, 2019, D.E. 6. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

### I.    BACKGROUND

Plaintiff Strike 3 Holdings, LLC ("Strike 3") is a Delaware limited liability company that owns the rights to various adult films. *See* Compl. ¶ 2, Apr. 17, 2019, D.E. 1. Plaintiff alleges that Defendant pirated sixty-four of its films through a peer-to-peer file sharing network using Internet Protocol ("IP") address 173.63.148.25, in violation of the Copyright Act, 17 U.S.C § 101, *et seq. See id.* ¶¶ 4-5, 23, 34-38. Strike 3 professes to have "a major problem with Internet piracy," as its films are often the target of copyright infringers. *Id.* ¶ 16. To identify the alleged infringer(s), Strike 3 tracks the IP addresses that download and share the copyright-protected material. *See*

*id.* ¶¶ 9, 24, 26. Using the IP address suspected of pirating the material, Strike 3 then traces the location of the device used at the time of downloading, using software produced by Maxmind Inc. ("Maxmind"). That information enables Strike 3 to file suit in this Court, naming a John Doe placeholder as the defendant, and seek leave to serve a subpoena on the Internet Service Provider to determine the subscriber of that IP address. *See id.* ¶¶ 7-9; Def.'s Br. in Supp. of Mot. ("Def.'s Br.") at 11, D.E. 6-3.

On June 4, 2019, this Court granted Strike 3's motion for leave to serve Verizon Online LLC (Verizon Fios) with a subpoena in order to ascertain the subscriber information associated with IP address 173.63.148.25. *See* Letter Op. and Order, June 4, 2019, D.E. 5. The Court concluded that Strike 3 had good cause for seeking expedited discovery and that its need for the discovery outweighed any prejudice to the opposing party. *See id.* at 4-5. On July 5, 2019, Defendant filed the instant motion to quash the subpoena or, in the alternative, to proceed anonymously.

While this motion to quash was pending, Strike 3 appealed a Magistrate Judge decision denying a motion for leave to conduct expedited discovery in factually similar copyright infringement actions against other putative infringers. *See* Status Report at 2, July 13, 2020, D.E. 26-1. This Court stayed the instant action pending the appeal of that decision to the District Court. *See* Order, Jan. 16, 2020, D.E. 25. On June 30, 2020, the District Court reversed the Magistrate Judge's ruling and allowed Strike 3 to subpoena the subscriber information from the Internet service provider. *See Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 173.63.148.25*, No. 18-12585, 2020 WL 3567282 (D.N.J. June 30, 2020).

On July 13, 2020, the parties to this proceeding submitted a joint status report requesting "that (1) the Court lift the stay, and (2) that Defendant's motion to quash and seek a protective order . . . be reinstated, and (3) that the Court rule on that motion." Status Letter, July 13, 2020, D.E. 26. The Court hereby lifts the stay of this action and reinstates Defendant's motion.

## II.     LEGAL STANDARD AND ANALYSIS

### A.  Defendant's motion to quash is denied

Federal Rule of Civil Procedure 45(d)(3)(a) provides that, "[on] timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(a). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Rule 45] are satisfied." *Malibu Media, LLC v. John Does # 1-30,* No. 12-3896, 2012 WL 6203697, at *2 (D.N.J. Dec. 12, 2012) (quoting *Malibu Media, LLC v. John Does 1-15,* No. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012)). The defendant bears a substantial burden to prevail on a motion to quash an otherwise valid subpoena. *Malibu Media, LLC v. John Does 1-18,* No. 12-7789, 2014 WL 229295, at *6 (D.N.J. Dec. 18, 2013).

A party must satisfy two requirements in order to succeed in quashing a subpoena served on a non-party. *Id.* First, it must demonstrate that it has "standing to bring a motion to quash or modify a subpoena upon a non-party . . . ." *Id.* (quoting *Schmulovich v. 1161 Rt. 9, LLC.*, No. 07-597, 2007 WL 2362598, *2 (D.N.J. Aug. 13, 2007). Additionally, the party moving to quash the subpoena on the basis of undue burden "must show a 'clearly defined and serious injury.'" *Id.* at *8 (quoting *City of St. Petersburg v. Total Containment, Inc.*, No. 07-191, 2008 WL 1995298, at *2 (E.D.Pa. May 5, 2008)).

Generally, only the individual or entity to which the subpoena is directed has standing to bring a motion to quash.  *See Strike 3 Holdings, LLC v. Doe,* No. 18-16593, 2019 WL 4745360, at *4 (D.N.J. Sept. 30, 2019). However, a party may bring a motion to quash or modify a subpoena served on a third party "when the party claims a personal privilege in the production sought."   *Id.* Courts in this district have consistently held that a "[d]efendant's concerns regarding the reputational harm he may experience, should the subpoenaed information become publicly

3

known" are sufficient to confer standing to bring such a motion. *Malibu Media, LLC v. Doe,* No. 15-8252, 2016 WL 3876425, at *3 (D.N.J. Jul. 14, 2016); *see also Strike 3 Holdings, LLC*, 2019 WL 4745360, at *4 (finding that defendant's personal preference for maintaining confidentiality of requested information was sufficient to confer standing).

In this case, Strike 3 does not contest Defendant's standing to bring this motion, and therefore this element of the inquiry does not merit substantial discussion. *See* Pl.'s Opp'n Br. at 25, D.E. 8. Defendant asserts that he "has a clear personal and proprietary interest in the personal details sought." Def. Br. at 6. In light of the foregoing, the Court finds that Defendant has standing to challenge the subpoena served on Verizon Fios.

Having determined that Defendant has standing, the Court must now turn to determining whether it is appropriate to quash the subpoena. To quash a subpoena, defendant must demonstrate that the subpoena is "unreasonable or oppressive." *Strike 3 Holdings, LLC v. Doe*, No. 18-16593, 2019 WL 4745360, *5 (D.N.J. Sept. 30, 2019). There is no clear definition of an unreasonable or oppressive subpoena. Accordingly, this Court has generally looked at seven factors to evaluate the claimed burden:

> (1) the party's need for the production; (2) the nature and importance of the litigation; (3) the relevance of the material; (4) the breadth of the request for production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed party.

*Id.* (quoting *Schmulovich,* 2007 WL 2362598, at *2). At a minimum, the party bringing a motion to quash on the basis of undue burden must allege that the subpoena will cause them to suffer "a clearly defined and serious injury." *See Malibu Media, LLC v. Does,* No. 12-7789, 2013 WL 229295, *6 (D.N.J. Dec. 18, 2013).

Defendant seeks to quash on the basis that he will suffer reputational injury from being associated with this litigation, as well as coercion from Plaintiffs if the information were to become public. *See* Def.'s Br. at 2, 16. Defendant alleges that similarly situated defendants have been

4

subjected to annoyance, harassment, and expense, and that Strike 3 will seek to force Defendant into settlement. Defendant supports this theory by alluding to the risk of an innocent defendant settling as opposed to fighting the claims because of the burden that such claims create. *See id.* at 18. Defendant also asserts that the information that Strike 3 receives in response to the subpoena might not identify the infringer. *Id.* at 20, 27.

This Court has rejected similar arguments in similar cases, holding that "[t]he risk of reputational injury does not present an undue burden." *Malibu Media, LLC,* No. 12-7789, 2013 WL 229295 at *6; *see also Plastic the Movie Ltd. v. Doe,* No. 15-2446, 2015 WL 4715528, at *2 (D.N.J. Aug. 7, 2015) (holding that a general claim of reputational injury does not constitute a clearly defined and serious injury); *Malibu Media, LLC v. Doe,* No. 15-1742, 2015 WL 5996319,*3 (D.N.J. Oct. 14, 2015) ("Defendant's concerns of general reputational harm resulting from Comcast's response to the subpoena fail to demonstrate a clearly defined and serious injury sufficient to justify an order to quash."). Furthermore, plaintiffs such as Strike 3 would have little to no ability to enforce their rights without the ability to subpoena the ISP's for subscriber information. *Malibu Media, LLC,* No. 15-1742, 2015 WL 5996319 at *3 ("If any defendant could quash a subpoena based on the mere possibility that someone else has used defendant subscriber's IP address to perpetuate the alleged infringement then a Plaintiff would be unable to enforce its rights.") (*quoting Malibu Media, LLC v. John Does 1-18,* No. 12-7789, 2014 WL 229295 at *8 (D.N.J. Jan. 21, 2014)).

Defendant also seeks to quash on the basis that the subpoena implicates his privacy rights. *Id.* at 6. Defendant relies on *Strike 3 Holdings, LLC, John Doe subscriber assigned IP address 107.4.246.135*, No. 18-768, 2018 WL 1924455 (D. Minn. Apr. 24, 2018). There, the Magistrate Judge perceived a conflict between Federal Rule of Civil Procedure 45, the Communications Act, 47 U.S.C. § 551, and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. The court concluded that neither the DMCA nor the Communications Act allowed Strike 3 to obtain

5

subscriber information in early discovery, and "the conundrum here is that the information Plaintiff seeks through a Rule 45 subpoena poses a direct conflict between Plaintiff's property interest and Defendant's privacy protections afforded under federal law in the Communications Act." 2018 WL 1924455, at *2. Accordingly, the court denied plaintiff's application to serve a subpoena on a third-party before the initial scheduling conference. However, multiple courts have rejected that decision, including within the District of Minnesota. For example, in *Strike 3 Holdings LLC v. John Doe subscriber assigned IP address 66.41.66.112*, No. 18-774, 2018 WL 4210202 (D. Minn. Sept. 4, 2018), the District Court concluded that while the DMCA did not authorize the discovery, neither did the DMCA preclude it, and that Rules 26(d)(1) and 45 authorized the court to authorize such a subpoena request on a showing of good cause. *Id.* at *2. That court also concluded that defendant's privacy and reputational concerns could be addressed with a limited protective order. *Id. See also Strike 3 Holdings LLC v. John Doe subscriber assigned IP address 24.7.203.5,* 330 F.R.D. 552 (D. Minn. Jan. 2, 2019) (holding that neither DMCA nor Communications Act prohibited subpoena for subscriber information upon showing of good cause under Rule 45, in part because 47 U.S.C. § 551(c)(2)(B) allows disclosure upon court order and notice to subscriber). Further, courts within the District of New Jersey have rejected the Magistrate Judge's rationale in *Strike 3 Holdings, LLC, John Doe subscriber assigned IP address 107.4.246.135. See, e.g., Strike 3 Holdings v. John Doe subscriber assigned IP address 67.87.141.101*, No. 18-14138, Letter Order, D.E. 15 (D.N.J. June 27, 2019); *Strike 3 Holdings, LLC*, 2019 WL 4745360, at *5 (holding that since defendant voluntarily provided the ISP with his information, he "cannot now claim that such information is privileged or confidential to establish a basis for quashing the subpoena"); *Malibu Media*, 2016 WL 3876425, at *3 ("Defendant's alleged personal interest is [not] a sufficient basis on which to quash the subpoena at issue.").

      Defendant's argument that Strike 3 could be engaged in an attempt to coerce a settlement in bad faith also fails to establish that this subpoena creates an undue burden for Defendant. *See*

*Malibu Media v. Doe,* 2016 WL 3876425, at *5 (reasoning that burden of defending against litigation intended to coerce settlement "has nothing to do with the subpoena to" the ISP). Defendant's claim that plaintiffs in similar cases have gotten the information and proceeded to harass defendants in bad faith to coerce a settlement is entirely speculative and unsupported. *Cf. Strike 3 Holdings, LLC v. Doe,* 337 F. Supp.3d 246, 257 (W.D.N.Y. 2018) ("there is no evidence that Plaintiff has engaged in any of the abusive practices used by similar Plaintiffs . . ."); *Strike 3 Holdings, LLC v. Doe,* No. 18-1762, D.E. 12, at *1 n.1 (E.D.Pa. Oct. 2, 2018) ("Doe's unsupported assertion that Strike would use Doe's personal information to coerce settlement is also insufficient to quash Strike's subpoena as an undue burden."). The Court also notes that in this case, Strike 3 does not object to Plaintiff's alternate request that he be allowed to proceed anonymously. *See* Pl.'s Opp'n Br. in Opp. of Mot. at 32.

Defendant's argument that Plaintiff has not stated a claim because the subscriber information may not identify the alleged infringer is irrelevant to the question of whether the subpoena creates an undue burden. Although Defendant is correct in that the subscriber information that is associated with the IP address does not necessarily compel the conclusion that he is the actual infringer, this is not necessary for a subpoena to survive a motion to quash. *See generally* Fed. R. Civ. P. 45(d)(3)(a) (listing grounds upon which a subpoena may be squashed). This argument fails to recognize the nature of these subpoenas, which are narrowly tailored to provide plaintiffs, such as Strike 3, with the ability to pursue their claims. *See*, *e.g.*, *Strike 3 Holdings v. Doe*, No. 19-16182, 2019 WL 3985628, *2 (D.N.J. Aug. 23, 2019) ("The information is necessary to allow Plaintiff to identify the appropriate Defendant, and to effectuate service of the Amended complaint.")

Defendant's reliance on *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1146 (9th Cir. 2018), for the proposition that this argument supports a motion to quash is also misplaced. In that case, after obtaining the subscriber information and effectuating service, the plaintiff did not

provide any additional factual allegations connecting the defendant to the alleged infringement aside from the fact that he was the subscriber associated with that IP address. *See id.* The Ninth Circuit held that the plaintiff failed to state a claim because they had repeatedly failed to cure the deficiencies in their complaint despite ample opportunity provided by the Court. *Id.* at 1146-47. If anything, this case supports an argument that aside from the potentially infringing IP address, it is not necessary for Plaintiff to provide factual allegations linking Defendant to the actions associated with the address to obtain this information.

In this case, the Court finds that Plaintiff has adequately pled a cause of action such that it is appropriate to permit Plaintiff to obtain discovery from Defendant.[1] First, Plaintiff pleads a prima facie cause of action for copyright infringement. "To state a claim for copyright infringement, Plaintiff must allege that it (1) owns a valid copyright, and (2) Defendants copied constituent elements of the work that are the original." *Strike 3 Holdings, LLC*, 2020 WL 3567282, *5 (citations omitted). Here, Plaintiff alleges that it is the owner of valid copyrights to the movies that Defendant copied. Complaint, D.E. 1, ¶ 13 & Ex. A. The Complaint identifies each work that Defendant pirated by its copyright registration number and date of registration, and the website or DVD by which Defendant made the work available to paying customers. *Id.* Ex. A. The Complaint further alleges that Defendant, through the BitTorrent protocol, "downloaded, copied, and distributed a complete copy of each of Plaintiff's works without authorization." *Id.* at ¶ 27; *see also id.* at ¶¶ 17-26, 28-29. The Complaint identifies the IP address used to commit the infringing activity, the ISP hosting that IP address, and the date and time of the infringing activity. *Id.* Ex. A. Applying the standards of Federal Rule of Civil Procedure 8, the Court is satisfied that the Complaint states a claim for copyright infringement.

---

[1] The Court reaches this conclusion solely in the context of the pending motion to quash, and without prejudice to Defendant's right to answer, move, or otherwise respond to the Complaint.

The Court also finds that good cause exists to permit Plaintiff to obtain the discovery necessary to identify the John Doe Defendant because without such critical evidence Plaintiff would be left with no way to enforce its copyrights. Good cause exists to allow the issuance of a subpoena at this early stage where: (1) the request for discovery is made early and would aid in the identification of the culpable defendant, (2) plaintiff submits a specific discovery request, (3) the purpose of the discovery, to identify defendant, is both clear and narrow, (4) the discovery sought does not burden defendant, and (5) defendant can respond to the discovery in an expedited manner. *Strike 3 Holdings, LLC*, 2020 WL 3567282, \*8-9. Here, Plaintiff's request for expedited discovery and the service of the subpoena were done early to aid Plaintiff in the identification of the culpable defendant, the subpoena reveals that the discovery request is specific, and its purpose is to identify the culpable party. Moreover, because the discovery is sought from the ISP, neither the fourth nor fifth factor, above, detracts from a finding of good cause by this Court.

For the reasons stated above, the Court must deny Defendant's motion to quash the subpoena. The information sought is not privileged or protected in any way because it was voluntarily provided to the ISP. Additionally, the subpoena served on Verizon Fios is not unreasonable or oppressive, because Defendant has failed to allege a clearly defined injury. Therefore, it does not create an undue burden and Defendant's claims fail to overcome the substantial burden it faces when attempting to quash a subpoena.

### B. Defendant's motion for a protective order to proceed anonymously is granted

Federal Rule of Civil Procedure 10(a) requires that all parties identify themselves in pleadings. However, when "a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings," courts in the Third Circuit have allowed parties to proceed anonymously. *Doe v. Meglass*, 654 F.3d 404, 408 (3d Cir. 2011) (citation omitted). The Third

Circuit has enumerated a nine-factor test to guide their analysis in determining whether to permit a litigant to proceed anonymously. *Id.* at 408-409. The factors that weigh in favor of granting the motion to proceed anonymously are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Doe v. Trishul Consultancy, LLC,* No. 18-16468, 2019 WL 4750078, *3 (D.N.J. Sept. 30, 2019). The factors that weigh against allowing the moving party to proceed anonymously are:

> 1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* at *9-10. When faced with a motion to proceed anonymously, this Court has broad discretion. *Doe,* 654 F.3d at 407. In previous cases involving similar circumstances, this Court has granted such an application if unopposed. *Strike 3 Holdings v. Doe*, 2019 WL 4745360, at *7 ("[G]iven Defendant's concerns about harm due to public disclosure and Plaintiff consenting to Defendant's alternative request, the Court shall permit Defendant to proceed anonymously."); *Malibu Media, LLC v. Doe,* No. 14-3945, 2015 WL 3795716, *4 (D.N.J. Jun. 18, 2015) (holding that motion should be granted to alleviate the concerns raised by defendant when plaintiff does not oppose motion).

In the present case, Plaintiff does not oppose Defendant's motion to proceed anonymously, giving the Court little reason to weigh the potential harm to the Defendant with the public interest. *See* Pl.'s Opp'n Br. at 40. The unique nature of John Doe

10

litigation provides a useful tool whereby a defendant may proceed anonymously, striking a balance between the privacy concerns raised by Defendant and the need for Plaintiff to pursue its claims. *See*, *e.g.*, *Strike 3 Holdings*, 2019 WL 4745360, at *7 (granting the motion "will allow the parties to engage in discovery to analyze the allegations set forth in the Complaint without any risk of reputational injury to Defendant."). As stated above, Defendant has alleged a reasonable concern of harm to his reputation if his personal information were to be released to the public in association with the litigation. For these reasons, the Court grants Defendant's motion for a protective order to proceed anonymously.

### III. CONCLUSION

For the reasons set forth above, the stay of this case is hereby lifted, Defendant's motion is reinstated, Defendant's motion to quash is **denied,** and Defendant's motion for a protective order and to proceed anonymously is **granted.**

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**